Citation Nr: 1641929 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 11-00 914 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

Entitlement to service connection for diabetes mellitus, type II.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Scott Shoreman, Counsel


INTRODUCTION

The Veteran had active service from March 1972 to January 1975.

This matter comes before the Board of Veterans' Appeals (Board) from a May 2006 rating decision of the above Department of Veterans Affairs (VA) Regional Office (RO).

This claim was previously before the Board in October 2010, at which time the Board remanded it for additional development. The Veteran testified in April 2012 before the undersigned Veterans Law Judge at a Travel Board hearing at the above VARO; a transcript is of record. The claim was again before the Board in May 2014. Additional development is needed before the claim can be decided on the merits.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran is seeking service connection for diabetes mellitus, type II, based on exposure to herbicide agents during service. The Veteran contends that he was exposed to Agent Orange when he went on land in Subic Bay, the Republic of the Philippines, during his service aboard the USS Meyerkord. In a March 2016 statement, the Veteran wrote that his West Pacific tour also included Vietnam. The service personnel records show that the Veteran was awarded the Vietnam Service Medal and the Republic of Vietnam Campaign Medal. However, it is not clear from the service personnel records whether the USS Meyerkord docked in Vietnam or was in the inland waterways of Vietnam in the period during which the Veteran served on it.

The Veteran's service personnel records show that he served on the USS Meyerkord from June 1972 to January 1975. The May 2014 Board remand required that the deck logs be obtained for the entire period during which the Veteran served on the USS Meyerkord. Subsequent to the Board's May 2014 remand, the deck logs from 1972 for the USS Meyerkord were obtained. However, the deck logs from January 1973 through January 1975 were not associated with the claims file. Therefore, the claim must be remanded in order to obtain these deck logs. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (Compliance by the Board or the RO with remand instructions is neither optional nor discretionary.). These deck logs could help determine whether the Veteran served in Vietnam. Furthermore, VA's Adjudication Procedures Manual, M21-1MR, part IV, subpart ii, 1.H.2.a, sets forth procedures for the development of claims based on service aboard ships offshore or in inland waterways of the Republic of Vietnam. This includes searching the Vietnam Era Navy Ship Agent Orange Exposure Development Site. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Department of the Navy, NPRC, JSRRC, and any other appropriate records depository, in an effort to obtain the deck logs and all pertinent ship histories for the USS Meyerkord (DE-1058) during the period from January 1973 through January 1975.

As required under 38 C.F.R. § 3.159(c)(2), the AOJ must make as many requests as are necessary to obtain the requested records, and may end such efforts only if it concludes that the records sought do not exist or that further efforts to obtain such records would be futile. If the AOJ reaches such a conclusion or the search for such records has negative results, documentation to that effect should be included in the claims file. 

2. Consult the Vietnam Navy Ship Agent Orange Exposure Development Site regarding the activities of the USS Meyerkord in the waters of Vietnam, and document the results in the claims file.

3. After the development requested has been completed, and after conducting any additional development deemed necessary, the AOJ should readjudicate the Veteran's claim. If the benefits sought on appeal remain denied, the Veteran and his representative should be provided a supplemental statement of the case and an appropriate period of time to respond before the record is returned to the Board for further review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).